UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD GEE,

    Petitioner,

        v.                              CAUSE NO. 3:21-CV-316-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Richard Gee, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-2-666) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempted trafficking in violation of Indiana Department of Correction Offense 111/113. On administrative appeal, the appeals review officer instead found him guilty of unauthorized possession of property in violation of Offense 231. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Gee argues that he is entitled to habeas relief because correctional staff identified the confiscated substance as cocaine by testing it internally rather than sending it to an outside facility for testing. Scientific testing at an outside facility is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana*

*Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, this claim is not a basis for habeas relief.

Gee also argues that he is entitled to habeas relief because a correctional officer asked him if the confiscated substance belonged to him while he was in his bed in a locked cell. Because it is unclear how these circumstances could have violated Gee's right to procedural due process, this argument is not a basis for habeas relief.

Gee has not asserted a valid claim for habeas relief, so the habeas petition is denied. If Gee wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Richard Gee leave to proceed in forma pauperis on appeal.

SO ORDERED on May 11, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT